UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Ingrid Valdes | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Andre Bates | Irene Tatevosyan |

**Proceedings:** PLAINTIFF'S MOTION TO REMAND (Dkt. 10, Filed December 9, 2016)

## I. INTRODUCTION

On July 28, 2016, Chalissa Johnson filed a complaint in the Los Angeles Superior Court against Hertz Local Edition Corporation, Hertz Corporation (collectively "Hertz"), and Does one through 100. On September 30, 2016, plaintiff filed the operative First Amended Complaint. Dkt. 1 Ex. A ("FAC"). Defendants were first served in this action on October 10, 2016. Removal ¶ 3. On or around November 8, 2016, defendants removed this action to federal court. Dkt. 1. Defendants contend that the Court has diversity jurisdiction over this action.

The FAC alleges two claims, namely, constructive wrongful termination and failure to timely provide itemized wage statements in violation of California Labor Code section 226(c). The gravamen of plaintiff's claims is that plaintiff was constructively terminated from her employment at Hertz in retaliation for plaintiff's attempts to seek a lunch period, breaks, and overtime pay as required by law.

On December 9, 2016, plaintiff filed a motion to remand this action to state court because the amount-in-controversy requirement is not satisfied.[1] Dkt. 10. On December

---

[1] Defendants assert that plaintiff is a citizen of California and the Hertz defendants are citizens of both Delaware and Florida. Notice of Removal ¶¶ 9-10. Plaintiff does not contest complete diversity of citizenship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

19, 2016, defendants filed an opposition. Dkt. 12. On December 23, 2016, plaintiff filed a reply. Dkt. 13.

Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Unless otherwise noted, the following background is based upon the allegations in the FAC.

Johnson is a 25-year-old single mother with a disabled child. FAC ¶ 1. In December 2014, Johnson took a position as a Service Sales Associate at Hertz. Id. ¶ 2. Johnson alleges that during her time at Hertz she was required to work "off-the-clock" and during meal and rest periods. Id. Johnson alleges that she was required to work more than 40 hours per week and more than eight hours per day, but was not compensated for any time worked outside her normal hours. Id. Although she complained about the foregoing problems, management refused to resolve any of the issues or improve conditions. Id.

Instead, according to Johnson, Hertz management began to intimidate and coerce Johnson into dropping her complaints. Id. The more Johnson raised concerns, the more aggressive Hertz management became towards her. Id. Johnson alleges that her manager bullied and mocked her, was dismissive of her complaints, retaliated against Johnson by severely reprimanding her for minor mistakes, and encouraged other employees to mistreat and harass plaintiff. Id. ¶ 27. Rather than address Johnson's complaints, Johnson's manager allegedly retaliated against her by forcing her to perform more work without pay than before, switching her to the night shift without any justification or discussion, failing to provide any itemized wage statements so that Johnson could verify she had been appropriately paid, and awarding one of Johnson's $200 to $300 commissions to a co-worker. Id. According to Johnson, the foregoing created a hostile work environment. Id.

Johnson alleges that the foregoing conditions were "sufficiently extraordinary, intolerable, and egregious so as to overcome the normal motivation of a competent,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

"O"

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

diligent, and reasonable employee, such as [p]laintiff, to remain employed." Id. ¶ 28. As a result, Johnson was forced to stop working for Hertz. Id. ¶ 29. Johnson left her position with Hertz in April 2015. Id. ¶ 2. Johnson claims that defendants' conduct was willful and done with the intention of causing injury to Johnson. Id. ¶ 30.

### III. LEGAL STANDARDS

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir.1999).

Defendants contend that the Court has diversity jurisdiction over this action. In order to establish removal jurisdiction over a diversity action pursuant to 28 U.S.C. § 1332, the removing defendant must demonstrate that (1) the amount in controversy exceeds $75,000, and (2) the suit is between citizens of different states. The removing party bears the burden of showing that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996). This sum is determined as of the date of removal. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217–18 (3rd Cir.1999). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir.2010). Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" Campbell v. Vitran Express, Inc., 471 Fed.Appx. 646, 648 (9th Cir.2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D.Cal.2002)).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547, 554 (2014). Where the plaintiff contests the removing defendant's allegations, however, "both sides submit proof

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

"O"

# CIVIL MINUTES - GENERAL

| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 550.

## IV.   DISCUSSION

Plaintiff does not allege a specific amount of damages. Instead, plaintiff seeks a $750 penalty pursuant to California Labor Code § 226(f), compensatory damages, and punitive damages. FAC Relief Requested. Each is appropriately considered in calculating the amount in controversy.[2] Neither party disputes that the $750 penalty is in controversy pursuant to California Labor Code § 226(f). Accordingly, the Court proceeds to evaluate compensatory and punitive damages.

### A.   Compensatory Damages

Hertz argues that two forms of compensatory damages are at issue in this action, lost wages and damages for emotional distress.

With respect to lost wages, Hertz presents evidence that plaintiff was a full-time employee whose final hourly wage was $12 per hour. Dkt. 1 Earls Decl. ¶ 9. Hertz argues that backpay should be calculated by multiplying $12 per hour, 40 hours per week, and 65 weeks. Opp'n at 4 ("Plaintiff's backpay to the date of removal"). Hertz calculates back wages to be $31,200. Plaintiff does not challenge this calculation except to the extent it assumes that "[p]laintiff remained unemployed during the entire period since her constructive termination in April of last year." Mot. at 2.

Plaintiff offers no evidence suggesting that her backpay may be offset by other employment earnings since she left Hertz. As Hertz correctly points out, such

---

[2] Plaintiff further seeks pre-judgment and post-judgment interest, costs, and an award of attorney's fees "to the extent provided by law." Id. However, neither party has briefed the availability of the foregoing relief, nor have defendants attempted to demonstrate that the foregoing should be considered part of the amount-in-controversy or how they should be calculated. Accordingly, the Court focuses its analysis upon compensatory damages, punitive damages, and the statutory penalty pursuant to California Labor Code § 226(f).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

information is uniquely within plaintiff's possession. Absent evidence to the contrary, defendant has adequately established that the amount in controversy should include $12 per hour for each work week since plaintiff left Hertz.

It is unclear, however, why defendants chose to make their calculation based upon 65 weeks without work. Neither party presents evidence of when in April 2015 plaintiff left Hertz; however, between April 30, 2015, and November 8, 2016, the date of removal, approximately 80 weeks elapsed. Accordingly, the Court estimates the amount of lost wages in controversy to be $12 per hour times 40 hours per week times 80 weeks, or $38,400.

Defendant next argues that plaintiff may be entitled to damages for emotional distress. However, the Court sees no basis for the inclusion of damages for emotional distress. Although tort damages, like damages for emotional distress, are available pursuant to plaintiff's claim for constructive wrongful termination in violation of public policy, see Erlich v. Menezes, 21 Cal. 4th 543, 552, 981 P.2d 978, 983 (1999), defendant does not offer an adequate basis for estimating damages from emotional distress here.

To evaluate the amount of emotional distress damages at issue, the Court may rely upon emotional distress awards in "similar cases." Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), as amended on denial of reh'g and reh'g en banc (Feb. 13, 2006). Hertz directs the Court to two cases for comparison here, namely, T.J. Simers v. Tribune Co., 2015 Jury Verdicts LEXIS 9723 (Cal. Sup. 2015) and Velasquez v. County of Ventura, 2011 Jury Verdicts LEXIS 200672 (Cal. Sup. 2011). Neither is analogous to the instant case.

In T.J. Simers, the plaintiff was wrongfully terminated by the Los Angeles Times after 23 years of distinguished work. After suffering a stroke and being diagnosed with complex migraine syndrome, the 63-year-old plaintiff was terminated as a result of age and disability discrimination. After the plaintiff complained about discrimination and harassment, his employer took disciplinary actions against the plaintiff for fabricated ethical violations. The employer demoted plaintiff and retaliated out of discriminatory animus. Thereafter, the plaintiff felt compelled to leave work. After trial, a jury awarded Simers $2,500,000 for "past noneconomic loss" and $2,500,000 for "future noneconomic loss." T.J. Simers, 2015 Jury Verdicts LEXIS 9723.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

Velazquez was also a case rooted in discrimination and retaliation for complaints about discrimination. In Velazquez, a senior investigator with the Ventura County District Attorney's Office faced constructive termination in retaliation for giving testimony is support of two gender discrimination lawsuits against his employer. Because of his testimony in gender discrimination cases by former colleagues, the plaintiff was subjected to two internal affairs investigations, demoted, and denied a promotion. The plaintiff was awarded $750,000 for pain and suffering. Velazquez, 2011 Jury Verdicts LEXIS 200672.

Hertz argues that damages for emotional distress may be available in this case because Johnson alleges that Hertz created an intolerable work environment, intimidated her, and encouraged employees to "mistreat and harass" plaintiff by "telling them she is 'sneaky'" while also "tolerating and encouraging aggressive behavior towards Ms. Johnson." FAC ¶ 4. However, Hertz does not demonstrate that the foregoing allegations are similar to those in Velazquez or J.T. Simers. In the instant case, as an initial matter, plaintiff does not allege any emotional injury or distress. Johnson may well have suffered emotional distress, not described in the FAC. However, the damage awards cited by defendant have little to no bearing on the potential damages award in this action. Plaintiff does not allege that she was the victim of discrimination, that her employer fabricated misconduct as a pretext to scrutinize and isolate her, or that she was constructively terminated from a position she held for decades. Accordingly, Hertz has not satisfied its burden of demonstrating that a large amount of damages from emotional distress may be at issue in the instant case.

### B.     Punitive Damages

Hertz similarly seeks to establish an estimated amount of punitive damages by comparison to awards in other cases. Specifically, Hertz refers the Court to Torres v. B.E. Aerospace Inc., 2016 WL 3552983 (Cal. Sup. 2016) ($7,000,000 in punitive damages), Alexander v. Cmty. Hosp. of Long Beach, 2016 WL 4942450 (Cal. Sup. 2016) (two plaintiffs received awards of $100,000 in punitive damages and a third received $1,500,000), and Virginia Pansacola v. Malaysia Airlines, 2011 Jury Verdicts LEXIS 2840 (Cal. Sup. 2011) ($160,000 in punitive damages).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

"O"

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

None of the punitive damages awards cited by Hertz bear upon the amount-in-controversy here. All three of the cases involve gender discrimination and numerous claims for relief that are not present here. They also involved more egregious conduct than alleged here. In Torres, the plaintiff brought claims for discrimination and wrongful termination. Torres, 2016 WL 3552983. She alleged that she was fired after 24 years of employment because of age and gender discrimination. Id. After a new supervisor took over, her supervisor stripped her of authority, "constantly humiliated and demeaned her in front of her staff," and sabotaged her work. Id. Before being terminated, she was forced to train her substantially younger replacement, after which her employer lied about her position being eliminated. Id. In Alexander, three employees brought sexual harassment, discrimination, defamation, negligent supervision, retaliation, and wrongful termination claims against their former employer. Alexander, 2016 WL 4942450. Each claimed to have faced discrimination in the workplace based upon their sexual orientation and gender. Id. Furthermore, their supervisor frequently made sexually explicit and offensive comments as well as gestures. Id. They were terminated after their supervisor fabricated an incident with a patient, sought to have their nursing licenses revoked, and reported the fabricated incident to the California Department of Public Health in order to have them prosecuted. Id. Finally, in Virginia Pensacola, the plaintiff brought claims for sexual harassment, discrimination, intentional infliction of emotional distress, retaliation, wrongful termination, failure to prevent sexual harassment and discrimination, assault, and battery claims. Virginia Pensacola, 2011 Jury Verdicts LEXIS 2840. Plaintiff had been sexually harassed and sexually assaulted by an immediate supervisor. Id. When she complained, she was demoted and told to resign. Id.

In this case, plaintiff does not allege sexual discrimination or any discriminatory motive on the part of Hertz. Nor does plaintiff allege any acts committed by Hertz or its employees that were sexual in nature. In contrast to the foregoing cases in which the plaintiffs sought punitive damages for numerous claims arising out of discriminatory animus, Johnson alleges that her work conditions were intolerable because she was forced to work through state mandated breaks and faced retaliation when she complained. Even the retaliation present in Torres, Alexander, and Virginia Pensacola, was substantially different than Johnson alleges. Johnson alleges that she was moved to the night shift, forced to work longer hours, and was bullied and mocked in retaliation for complaints. Johnson does not allege, as in Torres, that she was demoted, constantly humiliated, demeaned, and sabotaged because of discriminatory animus. Nor does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

"O"

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
|---|---|---|---|
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

Johnson allege, as in <u>Alexander</u>, that she was defamed, sexually mocked, and faced state prosecution based upon fabricated conduct. Finally, Johnson does not allege a sexual assault, as in <u>Virginia Pensacola</u>, let alone one committed alongside outrageous conduct sufficient to bring an intentional infliction of emotional distress claim.

The Court is mindful that Hertz is not required to submit evidence of punitive damages awards in an identical case as this one. Such a requirement would impose too great an evidentiary burden on the removing party. <u>See</u> <u>Simmons v. PCR Tech.</u>, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involve distinguishable facts is not dispositive"). However, Hertz must demonstrate that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence. Although, for purposes of the instant motion, the Court assumes the truth of Johnson's allegations and that a jury will rule in Johnson's favor on all of her claims, Johnson's allegations are not sufficiently similar to those in <u>Torres</u>, <u>Alexander</u>, or <u>Virginia</u> for these cases to act as a guide for estimating damages here beyond bare speculation.

From plaintiff's allegations, the Court can discern that *some* of punitive damages are at issue. Based upon Hertz's submissions, the amount-in-controversy appears to be $39,150[3] plus damages for potential emotional damages (which are not alleged and for which defendant offers no reasonable basis for estimation) and undetermined punitive damages (similarly inestimable). Put simply, neither side has submitted evidence shedding light on what amount of emotional or punitive damages may be at issue in a case analogous to Johnson's. Accordingly, the Court concludes that Hertz has not satisfied its burden of establishing that the amount-in-controversy exceeds $75,000.

---

[3] $750 in statutory damages plus $38,400 in backpay.

| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | | JS-6<br><br>"O" |
| **CIVIL MINUTES - GENERAL** | | | |
| Case No. | CV 16-08323-CAS (JCx) | Date | January 9, 2017 |
| Title | CHALISSA JOHNSON V. HERTZ LOCAL EDITION CORPORATION ET AL. | | |

## V. CONCLUSION

Plaintiff's motion to remand is **GRANTED**. This matter shall be remanded to the Los Angeles Superior Court forthwith.

IT IS SO ORDERED.

|  |  | 05 |
|---|---|---|
|  | Initials of Preparer | IV |